IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ERIQ ANTONIO MILES, | § | |
| TDCJ-CID NO.1004098, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-05-2831 |
| | § | |
| DAVID F. MURRA, *et al.*, | § | |
| Defendants. | § | |

OPINION ON DISMISSAL

Plaintiff Eriq Antonio Miles, an inmate incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ-CID"), filed this complaint alleging violations of his civil rights under 42 U.S.C. § 1983. Plaintiff was given leave to proceed *in forma pauperis* under 28 U.S.C. § 1915. For the reasons to follow, the Court will dismiss plaintiff's complaint.

BACKGROUND

In his complaint (Docket Entry No.1) and more definite statement (Docket Entry No.5), plaintiff alleges the following: On the morning of May 10, 2005, plaintiff was approached by Officer D. Murra. Plaintiff, who had just returned from medical, asked Murra if he could take a shower. Murra said no and ordered plaintiff to his cell. Plaintiff asked why he could not take a shower, to which Murra replied that showers were over for plaintiff's line. Plaintiff asked to see a supervisor about taking a shower. Murra indicated that he was not calling a supervisor and ordered plaintiff to stand in front of his cell. Plaintiff replied that he could not do that until he talked with a supervisor. Murra ordered plaintiff to face the wall and put his hands behind his back. Plaintiff said, "I can't do that because their [sic] ain't no Supervisor around to witness me doing this." Murra ordered him to turn around once more and to put his hands behind his back. Plaintiff refused

because a supervisor was not present. Murra then pushed plaintiff in the chest and pulled out pepper spray. He sprayed plaintiff in the face. Plaintiff grabbed his face and turned around, saying, "[W]hy did you spray me with that 'Gas!'" Murra put plaintiff in a choke-hold and sprayed the gas in plaintiff's face and the back of his head. Murra then pushed plaintiff to the floor, got on top of plaintiff, put his right knee in plaintiff's back, and sprayed more gas. Murra continued to spray plaintiff until the can was nearly empty. Murra then yelled, "Fight." Other officers arrived on the scene and plaintiff was cuffed. Plaintiff told the officers that Murra sprayed him for no reason. Another inmate saw the entire altercation but Murra told him to say nothing to plaintiff. Plaintiff was taken to medical and treated for an injury to his knee and ankle. Then he took a shower.

Plaintiff indicates that he had surgery on his left ankle in March of 2005. He claims as a result to Officer's Murra's actions, he suffered a painful knee injury and swelling to his ankle.

Plaintiff claims his civil rights were violated as follows:

1. Officer David F. Murra used unnecessary and excessive force by spraying plaintiff with pepper spray, placing plaintiff in a choke-hold, pushing plaintiff in the chest, and pinning plaintiff to the floor with his knee;

2. Officer Murra violated plaintiff's civil rights by filing a false disciplinary report to cover up his excessive use of force;

3. Disciplinary Captain C.A. Fisher violated plaintiff's due process rights by finding plaintiff guilty of a disciplinary violation; and,

4. Warden J. Jones violated plaintiff's due process rights by denying plaintiff's grievance against Murra.

(Docket Entry No.1). Plaintiff seeks compensatory damages and the restoration of his good time credit and line class status. (Docket Entry No.5). Plaintiff indicates that he is eligible for mandatory supervision. (*Id.*).

## DISCUSSION

The complaint in this case is governed by the Prison Litigation Reform Act ("PLRA"). Because plaintiff is a prisoner who proceeds *in forma pauperis*, the PLRA requires that the district court scrutinize the basis of the complaint, and, if appropriate, dismiss the case at any time without service of process if the court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 42 U.S.C. 28 U.S.C. § 1915(e)(2)(B); *see also* 42 U.S.C. § 1997(e)(c) and 28 U.S.C. § 1915A(b). In conducting that analysis, a prisoner's *pro se* pleading is reviewed under a less stringent standard that those drafted by an attorney and is entitled to a liberal construction that includes all reasonable inferences, which can be drawn from it. *Haines v. Kerner*, 404 U.S. 519 (1972); *Alexander v. Ware*, 714 F.2d 416, 419 (5th Cir. 1983).

A complaint may be dismissed as frivolous if it lacks any arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges violation of a legal interest which clearly does not exist." *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999) (citing *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999) (quoting *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998)). A review for failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard used to review a dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Newsome v. EEOC*, 301 F.3d 227, 231 (5th Cir. 2002). Under that standard, courts must assume that plaintiff's factual allegations are true, and a dismissal is proper only if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations. *Id.* (citations omitted).

Disciplinary Conviction

In *Heck v. Humphrey*, the Supreme Court held that "[a] section 1983 claim that effectively attacks the constitutionality of a conviction or imprisonment does not accrue until that conviction or sentence has been 'reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determinations, or called into question by a federal court's issuance of a writ of habeas corpus.'" *Hudson v. Hughes*, 98 F.3d 868, 872 (5th Cir. 1996) (quoting *Heck*, 512 U.S. 477, 486-87 (1994)). A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. *Heck*, 512 U.S. at 486-87. When a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence. *Id.* at 487. If it would, the court must dismiss the complaint unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. *Id.* A "conviction" for purposes of *Heck* includes a ruling in a prison disciplinary proceeding that results in a change to the prisoner's sentence, including the loss of good-time credits. *Edwards v. Balisok*, 520 U.S. 641 (1997).

Plaintiff does not allege in his original complaint or his more definite statement that his disciplinary conviction has been invalidated. In fact, plaintiff's attachments to his more definite statement indicate that all of his appeals through the prison grievance process complaining of the invalidity of his conviction have been denied. (Docket Entries No.1, attachments; No.5). Because plaintiff has not shown that his conviction has not been invalidated, the Court must now determine whether a favorable judgment on plaintiff's claims would necessarily imply the invalidity of his conviction, thereby barring his claims under *Heck*.

Plaintiff claims that Officer Murra filed a false disciplinary report against him to cover up Murra's use of excessive force. A favorable judgment on this claim would necessarily imply the invalidity of plaintiff's conviction, thus, barring the claim under *Heck*. Accordingly, plaintiff's claim must be dismissed with prejudice until such time that he may demonstrate the *Heck* requirements have been met.

To the extent that plaintiff contends that Murra retaliated against him by filing the disciplinary report on a trumped up charge to cover Murra's own mistake, his claim must fail. To state a retaliation claim, an inmate must invoke a specific constitutional right, the defendant's intent to retaliate against the inmate for his or her exercise of that right, a retaliatory adverse act, and causation, *i.e.* "but for the retaliatory motive the complained of incident . . . would not have occurred." *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995). Plaintiff fails to invoke a specific constitutional right that he exercised or attempted to exercise, for which Murra retaliated by writing a false disciplinary charge. Accordingly, plaintiff's claim is legally frivolous and subject to dismissal under 28 U.S.C. § 1915(e)(2)(b).

Excessive Force

Plaintiff claims that Officer Murra engaged in excessive force when he used a whole can of pepper spray on plaintiff, pushed plaintiff in the chest, put plaintiff in a choke-hold, and put his knee in plaintiff's back after plaintiff was on the floor. (Docket Entry No.1). To establish an excessive force claim, an inmate must show that the force was not applied "in a good faith effort to maintain or restore discipline," but rather was administered in a malicious and sadistic manner to cause harm. *Hudson v. McMillian*, 503 U.S. 1, 8 (1992). The above analysis includes an objective and a subjective component. Under the objective component, a court must determine whether "the alleged

wrongdoing was objectively 'harmful enough' to establish a constitutional violation." *Id.* (quoting *Wilson v. Seiter*, 501 U.S. 294, 302 (1991)). Not every malevolent touch by a prison guard gives rise to a federal cause of action. *Johnson v. Glick*, 481 F.2d 1028, 1033 (2d Cir. 1973). The Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort "repugnant to the conscience of mankind." *Hudson*, 503 U.S. at 9 (quoting *Albers v. Whitley*, 475 U.S. 326, 327 (1986)). Moreover, to obtain monetary damages, the inmate must have sustained some physical injury as a result of the force. 42 U.S.C. § 1997e(e). The physical injury must be more than *de minimus*, but there is no categorical requirement that the physical injury be significant, serious, or more than minor. *Gomez v. Chandler*, 163 F.3d 921, 924 (5th Cir.1999).

Under the subjective component, a plaintiff must show that the defendant acted "maliciously and sadistically to cause harm ...." *Id*. at 7. The subjective intent of the officer may be determined by considering the following objective factors: (1) the extent of the injury suffered; (2) the need for the application of force; (3) the relationship between the need and the amount of force used; (4) the threat reasonably perceived by the responsible official; and (5) any efforts made to temper the severity of the forceful response. *Valencia v. Wiggins*, 981 F.2d 1440, 1446 (5th Cir. 1993).

Plaintiff indicates that he re-injured his ankle and injured his knee as a result of his encounter with Murra but he does not describe how Murra injured his knee or ankle.[1] He claims his left ankle was swollen and he suffered a painful knee injury after the encounter. He claims he sought medical treatment for the knee and ankle injuries but he could not provide specific information as to when he received such treatment. He does not claim that he suffered a physical injury as a result of being

---

[1] Presumably, plaintiff re-injured his ankle and injured his knee when he was taken to the floor.

placed in a choke-hold, sprayed with pepper spray in the face or the back of his head, or from Murra's knee in his back. Therefore, plaintiff fails to show that he suffered a physical injury as a result of the force, which he claims was excessive.

Moreover, by plaintiff's own account, he had refused to obey Murra's orders to return to his cell and had argued with Murra. According to plaintiff, Murra did not use any force until plaintiff twice refused Murra's attempt to restore order by commanding plaintiff to face the wall with his hands behind his back. Plaintiff also reports that Murra said, as he sprayed plaintiff, that "You will listen the next time want [sic] you?" (Docket Entry No.5). Plaintiff acknowledges that Murra stated in the offense report that he thought plaintiff was going to strike him but he could have been mistaken. (*Id.*).

Plaintiff's pleadings show that he did not suffer a physical injury from Murra's use of the pepper spray, the choke-hold, the push to the chest, or the knee in the back and that Murra used force to restore order and discipline after plaintiff refused Murra's commands to return to his cell and his commands to face the wall. Although plaintiff claims that Murra unnecessarily emptied the can of pepper spray and acted negligently, he does not state any facts that would give rise to a claim that Murra acted maliciously or sadistically with the intent to cause plaintiff harm. Therefore, plaintiff's excessive force claim against Officer Murra is legally frivolous and will be dismissed.

Due Process

Plaintiff complains that Disciplinary Hearing Captain C.A. Fisher violated his due process rights by finding him guilty of a disciplinary violation, which resulted in the loss of good time credit, when there was no evidence that plaintiff assaulted Officer Murra. (Docket Entry No.1). Plaintiff does not complain about the process at the disciplinary hearing and does not challenge Captain

Fisher's impartiality. He complains that the evidence was insufficient to support Captain Fisher's decision that plaintiff was guilty of the disciplinary violation. A favorable judgment on plaintiff's sufficiency claim would necessarily imply the invalidity of plaintiff's conviction, thus, barring the claim under *Heck.* Therefore, plaintiff's claim against Fisher is legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(b) until the *Heck* requirements have been met.

Plaintiff further complains that Warden J. Jones violated his due process rights by turning a blind eye to Officer Murra's use of excessive force and his submission of a false disciplinary report. (Docket Entry No.1). Warden Jones denied plaintiff's Step 1 grievances complaining about the use of force and disciplinary conviction. (*Id.* attachments).

Supervisory officials may be held liable in § 1983 actions only if (1) they affirmatively participated in the acts that caused a deprivation of plaintiff's constitutional rights, or (2) they implemented unconstitutional policies that caused plaintiff's injury. *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (no *respondeat superior* liability in § 1983 actions); *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983) (liability under § 1983 requires personal involvement). Personal involvement is an essential element of a civil rights cause of action and requires plaintiff to establish an affirmative link between his injuries and a defendant's personal conduct. *Thompson*, 709 F.2d at 382. Failure to specifically allege an individual defendant's personal involvement in the alleged unconstitutional action is grounds for dismissal. *Lynch v. Cannatella*, 810 F.2d 1363, 1377 (1987) (an individual defendant is entitled to a specific recital of the wrongs he is alleged to have personally perpetrated on the plaintiff).

Plaintiff fails to state any facts that would show Warden Jones's personal involvement in any of the alleged acts, which plaintiff claims violated his constitutional rights, and he fails to state any

facts that would give rise to a claim that Warden Jones implemented any unconstitutional policies by the denial of plaintiff's grievances. Accordingly, plaintiff's claims against Jones are legally frivolous and subject to dismissal.

## CONCLUSION

Based on the foregoing, the Court ORDERS the following:

1. Plaintiff's claims against all defendants are DENIED. Plaintiff's complaint is DISMISSED with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

2. All pending motions, if any, are DENIED.

The Clerk will provide a copy to the parties and to the District Clerk for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas 75702, Attention: Betty Parker.

It is so ORDERED.

SIGNED at Houston, Texas, on February 23, 2006.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE